IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01289-WDM-BNB

JOSEPH STARKWEATHER,

Petitioner ,

v.

LOU ARCHULETTA, Warden, Limon Correctional Facilty,

Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #3] (the "Application"), filed July 5, 2006, by Joseph Starkweather (the "petitioner"). An order to show cause why the Application should not be granted was issued on August 1, 2006 [Doc. #6]. The respondents filed a Return on Petition for Writ of Habeas Corpus [Doc. #11] (the "Return") on September 5, 2006. For the following reasons, I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and that the Application be DENIED.

## I. BACKGROUND

The petitioner is currently incarcerated by the Colorado Department of Corrections at the Limon Correctional Facility ("LCF"). He alleges that correctional officers found him unconscious outside of his cell. *Application*, p. 2. The officers took the petitioner to the medical department where he was given Narcan, a drug used to counter the effects of opiates such as heroin. Id. at second attachment, fourth consecutive page. The petitioner immediately regained consciousness

and was transported to the hospital where he was examined, released, and returned to LCF. Id. at p. 2 and second attachment, fourth consecutive page. At an unspecified time after his return to LCF, the petitioner's urine tested negative for drugs. Id. at p. 2. Heroin was found in his cellmate's bunk the following day. Id. at p. 2 and second attachment, fourth consecutive page.

Following a hearing, the petitioner was found guilty of Possession or Use of Dangerous Drugs in violation of the DOC's Code of Penal Discipline. Id. at p. 2 and second attachment, second consecutive page. The petitioner appealed the ruling pursuant to Rule 106(a)(4) of the Colorado Rule of Civil Procedure. *Application*, second attachment. The district court upheld the prison's disciplinary action, the appellate court affirmed the district court, and the supreme court denied certiorari review. Id. at second and third attachments.

The Application asserts two claims. Claim One alleges that the petitioner was convicted without sufficient evidence in violation of his due process rights. Claim Two alleges that the DOC failed to disclose and present the results of the urine test at the disciplinary hearing in violation of the petitioner's due process rights.

## II. ANALYSIS

The Due Process Clause of the Fourteenth Amendment guarantees due process only when a person may be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1; Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" Harper v. Young, 64 F.3d 563, 564 (10th Cir. 1995).

The petitioner does not identify any specific liberty interest, nor does he attach a copy of the disposition of the hearing to show the penalties he incurred as a result of the disciplinary

action. However, he claims that he lost 30 days of good time credits and 20 days of earned time credits as a result of his conviction. *Applicant's Combined Traverse and Response to Motion to Dismiss* [Doc. #12] (the "Traverse"), p. 2. Construing the Application liberally, the petitioner is claiming a liberty interest in his good time and earned time credits.

The United States Constitution does not create a liberty interest in good time or earned time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Therefore, the plaintiff's liberty interest, if it exists, must be created by state law. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Colorado law has not created a liberty interest in good time or earned time credits. Section 17-22.5-301(3), C.R.S., provides that "[e]ach person sentenced for a crime committed on or after July 1, 1985, shall be subject to all the provisions of this part 3; except that the good time authorized by this section shall not vest and may be withheld or deducted by the department." Section 17-22.5-405(1), C.R.S., provides that "[e]arned time, not to exceed ten days for each month of incarceration or parole, may be deducted from the inmate's sentence...." Thus, the decision to grant or deny good time and earned time credit lies within the discretion of the Department of Corrections, and the DOC's failure to award good time or earned time credits does not result in an atypical and significant hardship in relation to the ordinary incidents of prison life. In addition, under Colorado law, earned time credits are applied to determine parole eligibility, not to determine a mandatory release date. Meyers v. Price, 842 P.2d 229, 231-32 (Colo. 1992). Therefore, the DOC's decision not to award good and earned time credits, or to withdraw good and earned time credits, cannot implicate a liberty interest. Greenholtz v. Inmates of Nebraska

3

Penal and Correctional Complex, 443 U.S. 1, 7 (1979) (stating that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").

Because the petitioner has not shown that he was deprived of a liberty interest, his due process claims must fail. Accordingly, I respectfully recommend that the Application be denied.

### III.  CONCLUSION

I respectfully RECOMMEND that the Order to Show Cause issued on August 1, 2006, be DISCHARGED and that the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 18, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge