IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-01289-WDM-BNB

JOSEPH STARKWEATHER,

    Petitioner,

v.

LOU ARCHULETTA, Warden, Limon Correctional Facility,

    Respondent.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This case is before me on the recommendation of Magistrate Judge Boyd N. Boland (doc no 14), filed April 18, 2008. Petitioner filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (doc no 3) (the "Application") on or around July 5, 2006. Magistrate Judge Boland recommends that the Application be denied. Petitioner did not file an objection to the recommendation and therefore is not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation.

    I have reviewed the pertinent portions of the record in this case, including the Application, Respondent's Return on Petition for Writ of Habeas Corpus ("Return") and exhibits, Petitioner's Combined Traverse and Response to Motion to Dismiss ("Traverse"), and the recommendation.

    Petitioner is an incarcerated state prisoner. This matter arises out of a disciplinary proceeding wherein he was found guilty of Possession or Use of Dangerous Drugs.

According to the Application, Plaintiff was found unconscious outside of his cell. He was taken to the medical department where he was given Narcan, a drug used to counter the effects of opiates such as heroin. He regained consciousness and was then transported to the hospital. Officers searching Petitioner's cell the next day found a tattoo gun and a spoon containing heroin residue in the bunk of Petitioner's cellmate. Petitioner contends that a urinalysis was performed at some point during this time and that it tested negative for drugs, but that this evidence was not introduced in his disciplinary hearing. As a result of the disciplinary conviction, he was subjected to the following penalties: 20 days punitive segregation, 30 days loss of good time, 60 days loss of privileges, and restitution of $848 (for the cost of the ambulance transport to the hospital). See Ex. A-16 to Return (doc no 8-17). Plaintiff appealed his conviction but was unsuccessful in overturning it. His Application contains two claims based on the due process clause: that his conviction is not supported by sufficient evidence and that the Respondent wrongfully suppressed evidence of his negative drug test at the hearing.

Magistrate Judge Boland recommends that the Application be denied because Petitioner does not have a liberty interest protected by due process in his good time credits. I agree. Protected liberty interests in disciplinary proceedings are created by state law if the resulting punishment creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or affects the duration of the prisoner's sentence. *Sandin v. Conner*, 515 U.S. 472, 483-87 (1995). It is well established that there is no constitutional right to good time credits and that under Colorado law, good time credits apply only to determine parole eligibility, not a mandatory release date, for prisoners such as Petitioner. *Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo. 1999); *see also Lusero v.*

*Welt*, 223 Fed. Appx. 780, 784, 2005 WL 530291 at *43 (10th Cir. 2007) (under Colorado good time and earned time credit system, loss of good time credits does not give rise to a right to due process). Accordingly, I agree with Magistrate Judge Boland's recommendation in this regard.

Magistrate Judge Boland did not specifically address the other penalties incurred by Petitioner as a result of his disciplinary conviction, including placement in disciplinary segregation, loss of privileges, and restitution. Petitioner has presented no argument or evidence that the loss of privileges or time in segregation imposed an atypical and significant hardship. However, he contends in his Traverse that the restitution requirement gave rise to an interest protected by due process, specifically because he has been "forced to forego hygienic needs, postage, and the ability to communicate with his family/daughter/friends, and other indisputable items such as socks, etc." as a result of the deductions to his prison account for payment of the restitution order and court filing fees. Traverse at 5. He alleges that after all deductions are made, he is left with $1.20 a month to pay for hygiene items and other necessities. Petitioner also contends that the restitution charge somehow increased Petitioner's sentence, but offers no facts or law in support of this assertion.

Assuming without deciding that the restitution order gave rise to a liberty or property interest protected by due process and that it is properly addressed in Petitioner's Application,[1] I conclude that Petitioner received adequate due process. The United States

---

[1] The Respondent argues that Petitioner's claims should be asserted by way of a civil action pursuant to 42 U.S.C. § 1983. I conclude that this is immaterial as the claims fail on the merits regardless of the type of action.

Supreme Court has established that disciplinary proceedings are not part of a criminal prosecution procedure and therefore the "full panoply of rights due a defendant" do not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, a prison inmate is entitled to a certain degree of procedural protections before that inmate can be deprived of a protected interest. *Id.* at 557. Due process in a prison disciplinary setting is satisfied if the prisoner receives: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (relying upon *Wolff*).

The evidence proffered by Respondent, which Petitioner does not dispute, establishes that Petitioner received advance notice of the charges (see Ex. A-4 to Respondent's Return (doc no 8-5)), had the opportunity to call witnesses and present evidence, and there is a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. The Disposition of Charges (doc no 8-17) contains the following findings of fact: "Evidence presented proved that the subject was found to be under the influence of some form of narcotic. Subject was taken to Medical where he was adminstrated [sic] medication to counter a possible overdose. Subject was transferred to Lincoln Community Hospital by Limon Ambulance. A search of subject's cell found a broken substance on a spoon that tested positive for Heroin. In the process of searching this subject, a tattoo gun was found on this subject."

*Wolff* did not require either judicial review or a specified amount of evidence to sustain the disciplinary board's authority. *Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The written findings of the prison disciplinary board must be supported by some

4

evidence in the record. *Id.* "Some evidence" is a very low threshold and is met if there is some evidence from which the conclusion of the administrative tribunal could be deduced. *Id.* at 455; *Mitchell* 80 F.3d at 1445 (a decision may be upheld even if the evidence is meager). The evidence of Petitioner's unconsciousness, response to the Narcan, and the heroin residue found in his cell satisfy this standard. Petitioner main challenge is that the evidence is weak and circumstantial; however, the due process standard does not require that the evidence supporting a disciplinary conviction be overwhelming or unambiguous, as discussed above.

Petitioner argues that pursuant to the Colorado Department of Corrections Administrative Regulation 150-1(IV)(E)(3)(I), the hearing officer at such proceedings "shall admit all reliable non-repetitious evidence which is probative of the facts of the incident from which the charge arises" Petitioner appears to contend that this regulation was violated because of the failure to admit the results of his urinalysis, thus depriving him of due process. However, there is no evidence that this regulation was violated as it appears that neither Petitioner nor anyone else attempted to introduce the alleged drug test result (the existence of which is disputed). Petitioner contends he did not learn of the result until after the hearing. However, Petitioner "attests under penalty of perjury" that he took a urinalysis. Traverse at 4. If true, this was certainly knowledge he possessed at the time of the hearing, even if he did not know the result of the test, and he could have sought to introduce such evidence at the time. The record indicates, however, that he did not. Under these circumstances and given the standards of *Wolff*, I conclude that Plaintiff was not

deprived of any interest without due process by virtue of the disciplinary proceeding and the resulting penalties.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boland (doc no 14) is accepted.

2. Petitioner's Application is denied.

DATED at Denver, Colorado, on June 4, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge